# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF OHIO

## EASTERN DIVISION

| | | |
|---|---|---|
| **KRISTEN YECKLEY**<br>on behalf of her child,<br>Jane Doe<br>  850 Euclid Ave. Ste. 701<br>  Cleveland, OH 44114 | : <br> : <br> : <br> : <br> : <br> : | |
| Plaintiff, | : | **C O M P L A I N T** |
| -vs- | : <br> : | |
| **WILLOUGHBY-EASTLAKE CITY**<br>**SCHOOLS BOARD OF EDUCATION**<br>  35353 Curtis Blvd.<br>  Eastlake, OH 44095 | : <br> : <br> : <br> : <br> : | Trial by Jury Endorsed Hereon |
| and | : <br> : | |
| **COLLEEN BLAUROCK**, in her official and<br>personal capacity<br>  35353 Curtis Blvd.<br>  Eastlake, OH 44095 | : <br> : <br> : <br> : | |
| and | : <br> : | |
| **MEGAN KUHLMAN**, in her official and<br>personal capacity<br>  35353 Curtis Blvd.<br>  Eastlake, OH 44095 | : <br> : <br> : <br> : | |
| and | : <br> : | |
| **ROSALYN RUBERTINO**, in her official and<br>personal capacity<br>  35353 Curtis Blvd.<br>  Eastlake, OH 44095 | : <br> : <br> : <br> : <br> : | |
| Defendants. | : | |

## INTRODUCTION

1. This is an action brought to secure enforcement of federally protected rights arising out of governmental misconduct, encroachment and abuse in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and in its application as well as state law claims.

2. The Plaintiff seeks declaratory, injunctive relief and damages.

## CLAIMS AND JURISDICTION

3. This action is initiated pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983, to redress the deprivation under color of law, statue, ordinance, regulation, custom or usage of rights, privileges and immunities secured to Plaintiff under the Fourth and Fourteenth Amendment to the United States Constitution.

4. Jurisdiction is invoked pursuant to 28 U.S.C §§ 1331 and 1343(a)(3) and (4). To the extent declaratory relief is sought, claims are asserted pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Supplemental federal jurisdiction is asserted over related state law claims pursuant to 28 U.S.C. § 1367.

6. At all times relevant to the complaint, Defendants have acted under color of law and under color of the statutes, ordinances, charter, regulations, customs, usages and practices of local government and a government official of the city of Willoughby, Ohio.

## PARTIES

7. Plaintiff Kristen Yeckley, on behalf of her daughter, Jane Doe, is a person who resides within the jurisdiction of the United States District Court for the Northern District of Ohio.

8. Defendant Willoughby-Eastlake City Schools Board of Education is part of a political subdivision of the State of Ohio charged with the administration of a public school district, is

obligated to operate pursuant to the rules and regulations of the State of Ohio and pursuant to obligations under the Constitution of the State of Ohio and the United States, and is an entity operating public education in and around the City  of Willoughby and others and is otherwise responsible for the formulation, implementation and enforcement of all policies, practices, procedures, acts and conduct regarding the administration of matters affecting the children attending public schools in those communities and regarding the administration of matters affecting the children, family, employees and board members of the District.

9.  Defendant Colleen Blaurock is the principal at Eastlake Middle School and is an employee of Defendant Willoughby-Eastlake City School District.

10. Defendant Megan Kuhlman is a nurse for the Willoughby-Eastlake City School District and is an employee of Defendant Willoughby-Eastlake City School District.

11. Defendant Rosalyn Rubertino is, or was, a nurse's aide for Defendant Willoughby-Eastlake City School District and was given the authority to act in such capacity by Defendant Willoughby-Eastlake City School District.

### COUNT I

### PROCEDURAL AND SUBSTANTIVE DUE PROCESS CLAIMS UNDER THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES (CLAIMS AGAINST ALL DEFENDANTS)

12. Plaintiff reasserts the foregoing allegations and incorporate them by reference as if fully set forth herein.

13. Kristen Yeckley is the mother of Jane Doe.

14. Jane Doe attends Eastlake Middle School within the Willoughby-Eastlake City School District.

15. Jane Doe is currently in eighth grade.

16. On September 7, 2022, Jane Doe arrived at school around 8:00 a.m.

17. Jane Doe went directly to her gym locker to put away her belongings for the day.

18. Jane Doe has two lockers at school.

19. One locker was for her volleyball equipment and was in the girls' locker room.

20. Jane Doe's other assigned locker was located within the hallways of the school.

21. While in the girls' locker room, Jane Doe was approached by another student and for purposes of anonymity, she will be referred to as "JD2".

22. JD2 asked if Jane Doe wanted to see and smoke her new vape pen.

23. Jane Doe declined.

24. After Jane Doe declined, JD2 asked if she could leave a shirt and the vape pen in Jane Doe's gym locker.

25. Feeling uncomfortable but afraid to upset her friend, Jane Doe begrudgingly agreed.

26. Jane Doe then left and went to class.

27. Just before lunch that same day, Jane Doe was pulled out of class by Defendant Colleen Blaurock ("Blaurock").

28. Blaurock is the principal of the school.

29. Blaurock took Jane Doe to her office and questioned her about the existence of the vape pen.

30. Jane Doe was honest with Blaurock and told her the truth about what occurred in the girls' locker room that morning.

31. Blaurock then asked Jane Doe where the vape pen was.

32. Jane Doe told Blaurock that the vape pen was not hers, that she did not have the vape pen and that she did not know where the vape pen was.

33. Blaurock then instructed Jane Doe to go with Blaurock to the girls' locker room where she intended to search Jane Doe's gym locker.

34. Although there was a school resource officer located in the school, Blaurock did not inform the officer or request the officer's assistance in the search.

35. After arriving at Jane Doe's gym locker, Blaurock searched the locker and did not find any inappropriate or illegal materials.

36. Blaurock then took Jane Doe to her other locker within the hallways of the school and searched that locker.

37. Additionally, Blaurock searched a sweater she found within the hallway locker.

38. Blaurock's searches all turned up empty as Jane Doe had been honest about what had happened throughout the day.

39. Blaurock, who subsequently admitted that Jane Doe was an honest girl who had a history of being truthful with her, would not give up the search.

40. Blaurock knew that there was no imminent threat to students at the school or school property.

41. At that point, Blaurock had no reasonable cause to believe that the vape pen was on Jane Doe's person.

42. Following the search of Jane Doe's hallway locker, Blaurock took Jane Doe to the nurse's office.

43. Willoughby-Eastlake schools have five (5) nurses, and some of the nurses are assigned to one building where others are assigned to multiple buildings.

44. Defendant Megan Kuhlman ("Kuhlman") is the nurse assigned to Eastlake Middle School.

45. Kuhlman is also assigned to at least one other school.

46. Although Kuhlman is the assigned nurse for Eastlake Middle School, she was not present on September 7, 2022, as she was at a different building.

47. Defendant Rosalyn Rubertino ("Rubertino") is stationed at Eastlake Middle School on a regular basis.

48. Although Kuhlman is believed to be a registered nurse, Rubertino is not a licensed registered nurse.

49. When Blaurock arrived with Jane Doe at the nurse's office, she met with Rubertino.

50. She instructed Rubertino to search Jane Doe's person for the vape pen.

51. Blaurock had already emptied Jane Doe's pockets, searched her sweater and searched both of her lockers.

52. Blaurock knew that there was no reason for a strip search of Jane Doe as there was no imminent risk of harm to any student.

53. Blaurock also knew or should have known there were less invasive means of searching for the vape pen, if a more thorough search was necessary at all.

54. Rubertino informed Blaurock that she would need to call Kuhlman to ask about the search.

55. Rubertino was never, and has never been, trained by anyone at the Willoughby-Eastlake School District about conducting searches of students.

56. No policy or procedure existed at the Willoughby-Eastlake School District regarding conducting body or strip searches of students.

57. Rubertino then called Kulhman.

58. During the call, Kulhman told Rubertino to conduct a body search.

59. Kulhman did not explain to Rubertino what a body search meant or how to conduct one on a student.

60. Rubertino hung up the phone and asked Jane Doe to take off all of her clothes except her underpants.

61. While this was occurring, Blaurock stood directly outside the door and was aware of what was occurring inside the nurse's office.

62. Jane Doe asked Rubertino why she had to take her clothes off.

63. Jane Doe was not given an option to leave or refuse the search.

64. Rubertino ignored Jane Doe's question and once again repeated her demand that Jane Doe take off her clothes.

65. Feeling helpless, Jane Doe took off her clothes down to her underpants.

66. Rubertino then looked at Jane Doe from numerous angles.

67. Rubertino did not find anything.

68. Jane Doe then asked Rubertino if she could put her bra back on.

69. Rubertino told Jane Doe to wait and went out to talk to the principal while Jane Doe was still undressed with no bra on.

70. Rubertino then came back in and checked Jane Doe's eyes with a UV light.

71. Rubertino then told Jane Doe she could get dressed.

72. Kulhman has subsequently admitted that she would have never strip searched Jane Doe in light of the circumstances presented.

73. Instead, Kuhlman stated that her prior procedure for conducting a search was to ask the student to hold their clothes tight to their skin and if an object becomes visible under the student's clothes, ask the student to remove the item and hand it to her.

74. Kulhman failed to instruct Rubertino of how she had handled searches in the past and instead told her to just conduct a "body search."

75. It is Kulhman's responsibility and duty to protect students' rights and as the nurse of the school, ensure that proper search procedures are followed to protect students' rights.

76. It is Blaurock's responsibility and duty to protect students' rights and as the principal of the school, ensure that proper search procedures are followed to protect students' rights.

77. Instead of Kulhman driving the short distance to the Middle School to conduct the search herself, she passed that duty off to an unlicensed, untrained aide, who took it upon herself to strip search a student who posed no risk to the school.

78. Instead of requiring Kulhman to drive the short distance to the Middle School to conduct the search herself, Blaurick passed that duty off to an unlicensed, untrained aide, who took it upon herself to strip search a student who posed no risk to the school.

79. Kulhman fully acknowledged that a strip search of Jane Doe was inappropriate.

80. The superintendent of the Willoughby-Eastlake School District subsequently admitted that he would need to get employees trained in the proper procedure to search students, acknowledging that the strip search should not have occurred.

81. Following the strip search, Jane Doe was suspended from school.

82. As there was no imminent threat to students or school property, a strip search of Jane Doe was not proper.

83. As Blaurock admitted that Jane Doe was an honest student and had already conducted thorough searches for the vape pen without uncovering any inappropriate materials and a strip search of Jane Doe was not appropriate, lawful or necessary.

84. Jane Doe's rights were violated as Kuhlman admitted there was less invasive search tactics routinely used within the Willoughby Eastlake School District.

85. Jane Doe's rights were violated as an unlicensed, untrained aide was tasked with conducting her strip search.

86. Robertina admitted that she did not know how to conduct a school "body search" and did not receive any clear instruction.

87. The acts and conduct of Defendants have been in wanton and reckless disregard of the rights and feelings of Jane Doe.

88. As a result of the acts and conduct by Defendants, Jane Doe was deprived of her personal and individual rights ensured under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

89. As a result of the acts and conduct of Defendants, Jane Doe has suffered, and continues to suffer, from the search which has resulted in significant emotional distress as well as pain and suffering.

90. The acts and conduct of Defendants resulted because of their deliberate indifference to the rights of Jane Doe and in derogation of the due process rights of the Jane Doe.

## COUNT II

## CLAIMS UNDER THE FOURTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES (CLAIMS AGAINST ALL OF THE DEFENDANTS)

91. Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

92. Jane Doe was held against her will in the Eastlake Middle School nurse's office and forced to remove all of her clothes down to her underpants.

93. Jane Doe was not free to leave or refuse the search.

94. There was no reasonable basis to conduct a strip search of Jane Doe.

95. Defendants admit that the strip search was not reasonable and was not the type of search which had been utilized in the past.

96. Defendants admit that there was a less invasive tactic which could and should have been used if Jane Doe were to be searched at all.

97. As a result of the acts and conduct by Defendants, Jane Doe has been deprived of her personal and individual rights insured under the Fourth Amendment to the Constitution of the United States.

98. As a result of the acts and conduct of Defendants, Jane Doe has suffered and continues to suffer.

99. Jane Doe's loss is irreparable because it will be impossible to restore her stable emotional state prior to her rights being violated by Defendants.

100. The acts and conduct of Defendants were based on deliberate indifference to the rights of Jane Doe.

## **COUNT III**

### **CLAIMS ARISING OUT OF DEFENDANT WILLOUGHBY-EASTLAKE CITY SCHOOL'S FAILURE TO TRAIN, RETENTION AND SUPERVISION (CLAIMS AGAINST DEFENDANT WILLOUGHBY  EASTLAKE SCHOOL DISTRICT BOARD OF EDUCATION)**

101. Plaintiff reasserts the foregoing allegations and incorporate them by reference as if fully set forth herein.

102. Defendant, Willoughby-Eastlake City School District is obligated to train its employees, or those stationed in its schools and interacting with students.

103. Defendant Willoughby-Eastlake City School District is obligated to have and enforce its search policies to ensure that students are not subjected to inappropriate, overly invasive and abusive misconduct.

104. Defendant Willoughby-Eastlake City School District is obligated to ensure that its educators understand the consequences of misconduct.

105. Willoughby-Eastlake City School District is obligated to be educated about the rights of children and their right not to be wrongfully detained and strip searched.

106. Defendant Willoughby-Eastlake City School District knew or should have known that the training of its own employees and Rubertino was inadequate.

107. The acts and conduct of Willoughby-Eastlake City School District in failing to ensure that its own employees and Rubertino were adequately trained arose out of the deliberate indifferences of Willoughby-Eastlake City School District and was in wanton and reckless of the rights and feelings of Jane Doe.

108. As a result of the failure of Willoughby-Eastlake City School District to adequately provide sufficient training concerning the rights of children, Jane Doe has suffered, and will continue to suffer, substantial emotional pain.

109. The acts and conduct of the Willoughby-Eastlake City School District have been in wanton and reckless disregard of the rights and feelings of Jane Doe.

110. The acts and conduct of the Willoughby-Eastlake City School District demonstrated deliberate indifference to the rights of Jane Doe.

## COUNT IV

## INTENTIONAL INFLICTION OF EMOTION DISTRESS
## (CLAIMS AGAINST ALL DEFENDANTS)

111. Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

112. Being wrongfully strip searched by an adult acting under color of state law was and will continue to be a traumatizing and disturbing experience for any child.

113. When adults who hold positions of trust and authority over children and wrongfully force them to remove their clothes, an intentional infliction of emotional and mental distress of severe consequence should be expected.

114. By wrongfully strip searching Jane Doe, Defendants knew, or should have known, it would result in serious emotional and mental distress.

115. Defendants knew, or should have known, it was likely to inflict serious emotional and mental injury on a child when they forced Jane Doe to strip down to her underpants.

116. Defendants' actions exceed all reasonable bounds of decency and is intolerable in a civilized community.

117. Defendants' actions proximately caused Jane Doe's emotional injury, psychological injury and loss of quality of life.

118. The mental anguish suffered by Jane Doe is serious, consequential and should not have to be endured by any child seeking to attend school in a safe environment.

119. The acts and conduct of Defendants were intentional, malicious and in wanton and reckless disregard of the rights and feelings of Jane Doe.

120. The acts and conduct of the Defendants were undertaken with deliberate indifference.

121. Jane Doe has sustained significant emotional injuries arising out of the Defendants' unlawful actions.

WHEREFORE, Plaintiffs urge the Court to grant the following relief:

    A. Declare that the acts and conduct of the Defendants constitute violations of the Fourteenth Amendment to the Constitution of the United States, and the Fourth Amendment to the Constitution of the United States and the Civil Rights Act of 1871, 42 U.S.C. §1983;

    B. Preliminarily and permanently enjoin the Defendants, their representatives and all others working in concert with them from engaging in the future in the actions which have the purpose or effect of depriving citizens of rights insured under the Fourth Amendment and the Fourteenth Amendment;

    C. Grant to the Plaintiff and against the Defendants appropriate compensatory damages;

D.  Grant to Plaintiff and against the individual Defendants appropriate compensatory, exemplary and punitive damages;

E.  Grant to the Plaintiff and against Defendants a reasonable attorney fee and costs as provided by federal statute;

F.  Grant any additional relief the Court deems just, equitable and in the public interest.


Respectfully Submitted,

_s/Jared S. Klebanow_

Jared S. Klebanow (0092018)
KLEBANOW LAW, LLC
701 The City Club Building
850 Euclid Avenue
Cleveland, Ohio 44114
P: (216) 621-8230
jklebanow@klebanowlaw.com

_s/Avery Friedman_

Avery Friedman (0006103)
AVERY FRIEDMAN & ASSOCIATES
701 The City Club Building
850 Euclid Avenue
Cleveland, Ohio 44114
P: (216) 621-9282
F: (216) 621-9283
avery@lawfriedman.com
fairhousing@gmail.com


## **JURY DEMAND**

Plaintiffs hereby demand trial by jury.

_/s/Jared Klebanow_

Jared Klebanow